**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

ALLAN PICOE; and LYNNETTE MILLER,

        Plaintiffs,

vs.                                            Case No. 6:12-cv-1158-Orl-37DAB

ARGENT MORTGAGE COMPANY, LLC; AMERIQUEST MORTGAGE COMPANY; ARGENT SECURITIES, INC.; ARGENT SECURITIES, INC., ASSET-BACKED PASS-THROUGH CERTIFICATES SERIES 2005-W3; DEUTSCHE BANK NATIONAL TRUST COMPANY; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.; JP MORGAN CHASE BANK, N.A; and DOES 1 to 20,

        Defendants.

**ORDER**

This cause is before the Court on its own motion.

In an Order dated November 14, 2012, the Court noted that the *pro se* complaint originally filed in this case was an improper shotgun pleading. (Doc. 39.) The Court therefore struck the complaint and granted Plaintiffs (who were by then represented by counsel) leave to amend their complaint. (*Id.*) The Court directed Plaintiffs to file an Amended Complaint on or before December 7, 2012. (*Id.*) They did not. Rather, at 12:59 a.m. on December 8, 2012, counsel for Plaintiff's filed an Amended Complaint. (Doc. 40.)

The Amended Complaint makes many of the same allegations as the original

complaint; however, Plaintiffs now assert only claims for quiet title, breach of contract,[1] and fraud. The Amended Complaint brings these claims against "all Defendants" and purports to add an additional Defendant, Bayview Loan Servicing, LLC. Plaintiffs attach a smattering of exhibits to the Amended Complaint, omitting some that are explicitly referenced therein.

Because the Amended Complaint was not timely filed, the Court determines it is appropriate to strike it once again. However, rather than penalizing Plaintiffs for a failure that may have not been their doing, the Court will grant them leave to amend their complaint once more with the following guidance.

First, a complaint must adequately allege this Court's subject matter jurisdiction. The Amended Complaint does not. There are no federal claims. Thus, there is no federal question jurisdiction. Further, this court's bankruptcy jurisdiction is inapplicable.

The only possible basis for subject matter jurisdiction over the claims of the Amended Complaint is this Court's diversity jurisdiction. The Amended Complaint, however, fails to adequately allege the citizenship of the parties. For the purposes of establishing diversity jurisdiction, a plaintiff must allege the domicile, not residence, of individual litigants. *McCormick v. Aderholt*, 293 F.3d 1254, 1257–58 (11th Cir. 2002). A "limited liability company is a citizen of any state of which a member of the company is a citizen." *Rolling Greens MHP, L .P. v. Comcast SCH Holdings L.L.C.*, 374 F.3d 1020, 1022 (11th Cir. 2004). A corporation, on the other hand, "shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its

---

[1] Plaintiffs' second count is labeled "Declaratory Relief" and its allegations quote 28 U.S.C. § 2201 *et seq.*, i.e., the Declaratory Judgment Act. That Act, however, does not provide a cause of action or theory of recovery. Plaintiffs must still provide a substantive basis for their claim. Here, the Court construes the claim as one for breach of contract.

principal place of business." *Hertz Corp. v. Friend*, 130 S. Ct. 1181, 1185–86 (2010) (quoting 28 U.S.C. § 1332(c)(1)). Thus, to sufficiently allege the citizenship of a limited liability company ("LLC"), Plaintiffs must list the citizenship of each of the LLC's members, but to allege the citizenship of a corporation, a party must identify the states of incorporation and principal place of business. *See Rolling Greens*, 374 F.3d at 1021–22; 28 U.S.C. § 1332(c)(1).

The citizenship for purposes of diversity jurisdiction of a national bank is determined differently from that of a corporation or LLC. A national bank's citizenship is determined by the location of its main office, designated in its articles of association. *Wachovia Bank v. Schmidt*, 546 U.S. 303, 318 (2006) (concluding that for the purposes of diversity jurisdiction, a national banking association is a citizen of its "location," meaning "the State designated in its articles of association as its main office," not in every state where it has branch offices).

Lastly, in order to establish the citizenship of a defendant organized as a trust, Plaintiffs must plead the citizenship of each beneficiary of the trust. *Riley v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 292 F.3d 1334, 1339–40, (11th Cir. 2002).

Second, the allegations supporting the claim for fraud lack the specificity required by Federal Rule of Civil Procedure 9(b). To state a claim premised on fraud, Plaintiffs must "state with particularity the circumstances constituting [the] fraud." *United States ex rel. Sanchez v. Lymphatx, Inc.*, 596 F.3d 1300, 1302 (11th Cir. 2010). To do so, a complaint must set forth:

> (1) precisely what statements were made in what documents or oral representations or what omissions were made, and (2) the time and place of each such statement and the person responsible for making (or, in the case of omissions, not making) same, and (3) the content of such statements and the manner in which they misled the plaintiff, and (4) what

3

the defendants obtained as a consequence of the fraud.

*Ziemba v. Cascade Int'l, Inc.*, 256 F.3d 1194, 1202 (11th Cir. 2001).

A complaint cannot, as this one does, bring a claim "against all defendants" and then not describe in detail who said what to whom. Plaintiffs shall provide more detailed allegations regarding the claim of fraud in the amended complaint.

Third, the deadline for adding parties to this action passed prior to the filing of the Amended Complaint. Therefore, Plaintiffs could not have added Bayview Loan Servicing, LLC as a Defendant without leave of Court and a showing of diligence. Plaintiffs did not seek and were not granted leave to add a party to this action. Thus, the Court concludes this newly added defendant should be dismissed. To be perfectly clear: Plaintiffs shall not add any Defendant other than those named in the original complaint filed in this matter without first obtaining leave of Court.

Fourth, the Local Rules require "any party permitted to amend a pleading" to file an "amended pleading in its entirety with the amendments incorporated therein." Local Rule 4.01. This Court interprets Local Rule 4.01 as requiring parties to file all exhibits referenced in an amended pleading with that pleading. Plaintiffs shall file all exhibits referenced in the amended complaint as attachments to that document.

Accordingly, it is hereby **ORDERED and ADJUDGED**:

1. Plaintiffs' First Amended Complaint (Doc. 40) is **STRICKEN**.
2. The Clerk is directed to dismiss Bayview Loan Serving, LLC as a defendant in this action.
3. Plaintiffs shall file, on or before January 4, 2013, an amended complaint that is consistent with this Order. Failure to comply with the requirements in this Order may result in the dismissal of this action without further

>   notice.

**DONE AND ORDERED** in Chambers in Orlando, Florida, on December 19, 2012.

ROY B. DALTON JR.
United States District Judge

Copies:
Counsel of Record

5